UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 8:26-mc-00007-VMC-LFL

STATE OF WASHINGTON,

     Petitioner,

v.

CHAD R. MIZELLE,

     Respondent.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Petitioner, the State of Washington's, Emergency Motion to Compel Mr. Chad R. Mizelle ("Respondent") to comply with a deposition subpoena (the "Subpoena") issued by the United States District Court for the Northern District of California. (ECF Nos. 1, 1-2).[1] In response to the Emergency Motion, Respondent asks that the Subpoena be quashed or, alternatively, for a protective order minimizing the burden that compliance with the Subpoena would impose on him. *See* (ECF No. 15). The undersigned convened a hearing on the Parties' dispute on February 26, 2026.

Based upon the Parties' briefing and the argument advanced at the February 26 hearing, and being well advised in the premises, Petitioner's Emergency Motion was **GRANTED, in part**, and **DENIED, in part**; Respondent's motion to quash was **DENIED**; and Respondent's motion

---

[1] This miscellaneous action arises from ongoing proceedings in the United States District Court for the Northern District of California. *See United States of America v. Hewlett Packard Enterprise Co., et al.*, Case No. 5:25-cv-00951-PCP (N.D. Cal. Jan. 30, 2025) (the "*HPE* Action"). This action was filed in the United States District Court for the Middle District of Florida on Friday, February 19, 2026. Thereafter, the Middle District of Florida identified a temporary emergency need for the services of an out-of-district magistrate judge. Consistent with 28 U.S.C. § 636(f), the undersigned United States Magistrate Judge was designated to perform all of the judicial duties authorized under 28 U.S.C. §§ 636(a), (b), and (c). (ECF No. 6).

for a protective order was **GRANTED, in part**, and **DENIED, in part**, in open court. This Order memorializes, but does not alter, the rulings made in open court at the hearing.

## I.    BACKGROUND

The Parties are familiar with the facts underlying the present matter and the undersigned therefore recites the relevant factual and procedural background in brief.

### A.    The *HPE* Action

This miscellaneous action arises from a lawsuit brought by the United States in the Northern District of California in January 2025, seeking to block the merger of Hewlett Packard Enterprises ("HPE") and Juniper Networks, two large wireless networking solutions companies, under Section 7 of the Clayton Act, 15 U.S.C. 18. *See United States v. Hewlett Packard Enterprise Co.*, No. 25-CV-00951-PCP (N.D. Cal.) (the "*HPE* Action"). Weeks before the scheduled commencement of trial, the United States announced that the parties had reached a settlement agreement. (*HPE* Action, (ECF Nos. 217, 218)). The *HPE* Court thereupon undertook to review the Parties' settlement agreement pursuant to the Antitrust Procedures and Penalties (Tunney) Act, 15 U.S.C. § 16(e).

Thirteen States (collectively, "the States-Intervenors") moved to intervene in the *HPE* Action to participate in the Tunney Act proceedings, which motion was granted in December 2025. (*HPE* Action, (ECF No. 332 at 11)). Records and deposition subpoenas were issued to current and former DOJ officials, including Respondent, as well as HPE personnel. *See, e.g.*, (ECF No. 1-2). Mr. Mizelle was serving as the Chief of Staff and Acting Associate Attorney General for the United States Department of Justice (DOJ) when the settlement was reached. Mr. Mizelle was a signatory of the United States' June 28, 2025 Joint Submission Regarding Settlement. *See* (*HPE* Action, (ECF No. 218 at 3)). The Joint Submission's signatories also included Mr. Roger P. Alford, then-

Principal Deputy Assistant Attorney General, and Mr. William J. Rinner, then-Deputy Assistant Attorney General, whom the States-Intervenors likewise have sought to depose. (*Id.*).

The Parties brought several disputes regarding the States-Intervenors' discovery efforts under the Tunney Act before the *HPE* Court. On December 31, 2025, the *HPE* Court issued an order "address[ing] the proper scope of discovery in connection with the Tunney Act review process." (*HPE* Action, (ECF No. 350 at 2, 3–7)). The *HPE* Court expressly declined to "attempt to define the universe of discoverable information that the states may request in connection with the Court's Tunney Act review proceedings." (*Id.* at 6). However, the *HPE* Court rejected the United States' argument that the states should not be permitted to conduct any discovery at all, reasoning that the States-Intervenors are entitled to discover information bearing upon the proposed final judgment's competitive impact, for example, discovery regarding alternative remedies actually considered during the underlying settlement negotiations, and "discovery regarding communications between the United States and defendants." (*Id.*). The Court cautioned that "discovery requests . . . targeted solely at the [DOJ's] internal decision-making process and that lack any connection to the adequacy of the proposed final judgment would be improper." (*Id.*).

At a February 2, 2026 hearing memorialized in its February 10, 2026 Order, the *HPE* Court ruled upon the United States' motion to quash the States-Intervenors' proposed deposition subpoenas for "former DOJ officials Roger Alford, William Rinner, and Chad Mizelle." (*HPE* Action, (ECF No. 378 at 4)). At the February 2 hearing, Judge Pitts stated that "deposition testimony would be necessary to get a fuller picture of any non-written interaction[s]" between HPE and the United States "in the process of hearing a settlement." (ECF No. 15-6 at 4:9–18). The United States asserted relevance and privilege objections; the Court ruled that it would allow the depositions to proceed and concluded that "the Government would remain entitled to assert [the

3

deliberative process privilege] during those depositions to preclude inquiries" into topics triggering same. (*Id.* at 39:20–40:2). The *HPE* Court declined to quash the States' Request for Production No. 4 and related testimony, reasoning that it "reasonably focused on a subject that's not at the core of the deliberative process privilege." (*Id.* at 51:22–52:4) ("[T]hat is nonetheless without prejudice to the United States asserting the deliberative process privilege in respect to particular documents or questions."); *cf.* (*id.* at 52:10–13) (granting motion to quash RFP Nos. 5, 6, and 7 and related testimony, reasoning that they were "squarely targeted at the deliberative process even if they may encompass other matters").

### B.    The Present Action

Petitioner filed the present Motion on February 19, 2026, seeking an order to compel Mr. Mizelle to comply with the Subpoena by no later than March 6. Petitioner sought resolution of the Emergency Motion on an expedited track because the States-Intervenors needed to meet a March 9 deadline to respond to the Motion for Final Judgment in the *HPE* Action. (ECF No. 1). Since the filing of this action, and due to trickling discovery, the *HPE* Court has modified the briefing schedule such that the States-Intervenors are now permitted to file a sur-reply brief in opposition to final judgment, by no later than March 22. Petitioner claims that, notwithstanding the *HPE* Court's past rulings, Respondent has conditioned his compliance with the Subpoena on the issuance of an order from the United States District Court for the Middle District of Florida, in which he resides. Upon this matter's referral, the undersigned ordered counsel for Respondent to appear and to respond to the Motion by no later than February 25, 2026. (ECF Nos. 8, 9). Respondent timely filed his Response. (ECF No. 15).

4

## II.    DISCUSSION

### A.    Respondent's Objections to Compliance Are Overruled.

While styled as a motion to compel Mr. Mizelle's deposition, Petitioner's Motion effectively seeks to compel briefing on Respondent's anticipated motion to quash. Petitioner has not submitted a notice of non-compliance or non-appearance by Mr. Mizelle. Indeed, Respondent's response brief operates as a motion to quash the Subpoena, purporting to raise objections particular to Mr. Mizelle that the *HPE* Court has not ruled upon. *See, e.g.*, (ECF No. 15 at 8) ("[T]he State of Washington's Subpoena to Mizelle does not pass muster and should be quashed").

The Response brief raises three arguments in support of quashing the Subpoena. First, Respondent argues that Petitioner has failed to establish that the testimony it seeks from Mr. Mizelle is relevant or proportional to the needs of the main action. (ECF No. 15 at 4). Respondent's relevance argument proceeds under the "apex doctrine" as well as Federal Rule of Civil Procedure 45. Second, Respondent argues that, assuming that Mr. Mizelle's participation in the settlement process were relevant to the Tunney Act proceedings, "the Subpoena seeks testimony that is *duplicative* and *cumulative* and therefore not proportional to the needs of the main action." (ECF No. 15 at 6) (emphasis in original). Third, Respondent argues that the Subpoena subjects Mr. Mizelle to undue burden, "as almost all of the material sought by Washington that is within Mizelle's exclusive knowledge is categorically protected by substantive privileges held by the United States, including deliberative process privilege, attorney-client privilege, and the attorney work product doctrine." (ECF No. 15 at 6).

As elucidated at the hearing, Respondent's motion to quash the Subpoena travels primarily on the first argument briefed, that he is protected from discovery by the apex doctrine and Federal Rule of Civil Procedure 45. Respondent contends that Mr. Mizelle's capacity as a high-ranking

DOJ official at the time settlement was reached imposes a heightened burden on Petitioner to demonstrate that Mr. Mizelle possesses unique, firsthand knowledge relevant to the Tunney Act proceedings. Respondent's argument under the apex doctrine dovetails with his argument pursuant to Federal Rule of Civil Procedure 45, that he is now a private citizen and non-party residing outside of the Northern District of California and is thus entitled to greater protection from discovery than might be afforded to a party witness.

Petitioner does not dispute that Mr. Mizelle is the highest-ranking DOJ official who it has sought to depose in connection with these proceedings. Petitioner relies upon the undisputed fact that Mr. Mizelle participated in a meeting with two HPE representatives on June 18, 2025, approximately ten days before the United States announced that it had reached a settlement agreement with the defendants in the *HPE* Action. Petitioner asserts that the June 18, 2025 meeting is germane to the Tunney Act proceedings, and Mr. Mizelle possesses unique, firsthand knowledge thereof, because Mr. Mizelle was a signatory to the settlement agreement ultimately advanced to the *HPE* Court.

The Parties here agree that Mr. Mizelle is entitled to the protective burden-shifting framework of the apex doctrine and Federal Rule of Civil Procedure 45. Indeed, he is the highest ranking public official from whom the States-Intervenors seek deposition testimony. Notwithstanding, Petitioner has met its burden to show that Mr. Mizelle possesses unique, firsthand knowledge of the June 18, 2025 meeting. Mr. Mizelle was the only public official attending the meeting; Roger Alford and William Rinner were not in attendance.

Respondent's objection that the June 18, 2025 meeting is irrelevant to the Court's Tunney Act proceedings is overruled. Information regarding the meeting is within the scope of relevant discovery as set forth by the *HPE* Court in its February 10 Order on Discovery Disputes. The

meeting occurred within days of the United States' announcement that it had reached the settlement agreement upon which the Tunney Act proceedings are premised. Mr. Mizelle, whose involvement in the *HPE* Action is otherwise undescribed by the United States' productions, was a signatory to the settlement agreement ultimately reached. Mr. Mizelle's testimony on the subject will relate, at a minimum, to communications between the United States and HPE representatives concerning settlement of the *HPE* Action. Judge Pitts has already ruled that such matters are likely within the scope of the Tunney Act review process.

Respondent's second objection, that Mr. Mizelle's testimony would be duplicative and cumulative of the testimony the States seek from Roger Alford and William Rinner, is overruled as well. Neither Alford nor Rinner was present at the June 18, 2025 meeting attended only by Mr. Mizelle and the HPE representatives. And while the States-Intervenors in the *HPE* litigation have subpoenaed and are in the process of deposing the two HPE representatives party to the June 18 meeting, Mr. Mizelle's testimony is reasonably likely to yield relevant and as-yet undisclosed information concerning the external communications exchanged at the same.

Respondent's third briefed objection—that deposing Mr. Mizelle will impose an undue burden because his testimony may implicate the deliberative process privilege, attorney-client privilege, and work product protection—is properly resolved by the *HPE* Court in the Northern District of California. The *HPE* Court has already suggested that privilege objections, if any, should be asserted during the course of the depositions held. *See* (ECF No. 15-6 at 39:20–40:2). For present purposes, ruling on Respondent's privilege objections would be premature. The objection on grounds of undue burden is overruled.

**B.**     **Respondent's Motion for Protective Order is Granted, in Part.**

Notwithstanding that Respondent's objections to compliance with the Subpoena are overruled, Respondent's alternative request for a protective order is **GRANTED**, in part, in light of the concerns raised at the hearing under Federal Rule of Civil Procedure 45. Petitioner will be limited to 2.5 hours to depose Mr. Mizelle on the record. Petitioner may seek testimony as to Mr. Mizelle's communications with HPE representatives related to the settlement of the *HPE* Action. Though counsel for the Government sought a narrower limitation on the scope of relevant testimony to be solicited at Mr. Mizelle's deposition, the scope is properly set forth by the Touhy Letter. *See* (ECF No. 1-17). Mr. Mizelle will not be required to travel outside of his home District and the deposition may be conducted by video.

**C.**     **Transfer of this Case is Warranted.**

Transfer of the Parties' dispute here is warranted given the exceptional circumstances under which this miscellaneous action has arisen. Pursuant to Federal Rule of Civil Procedure 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). To determine whether exceptional circumstances warrant transfer, courts in the Eleventh Circuit consider factors such as "how long the underlying action has been pending in the court where it was filed, the complexity of the issues, the potential for disruption in the underlying litigation should the motion to transfer be granted, the extent of litigation in the underlying court, pending motions in the underlying court, and the risk of inconsistent rulings." *In re Hauenstein*, No. 22-cv-01654 (ECF No. 12), at *14–16 (N.D. Ga. May 20, 2022) (collecting cases); *see Exist, Inc. v. Shoreline Wear, Inc.*, No. 15-61917-MC,

2015 WL 13694080, at *2–3 (S.D. Fla. Oct. 16, 2025); *Royal Crest Dairy, Inc. v. Cont'l W. Ins. Co.*, No. 20-cv-220, 2020 WL 8996580, at *1–2 (M.D. Fla. May 19, 2020).

Extraordinary circumstances warrant transfer here. The Parties face imminent pending deadlines to complete discovery and submit briefing on the motion for final judgment in the *HPE* litigation. Judge Pitts is intimately aware of the Parties' discovery disputes, including the relevance and privilege objections Respondent asserts here: he has already ruled thereupon, in part. Moreover, he has repeatedly indicated that he intends to handle the Parties' discovery disputes in the Northern District of California. *See, e.g.*, (ECF No. 15-6 at 53:7–11); (ECF No. 15-4 at 7–8) ("To the extent the parties cannot resolve any disputes that arise regarding the propriety of the states' discovery requests, the [*HPE*] Court will resolve those disputes pursuant to its Standing Order re: Discovery Disputes Not Referred to the Magistrate Judge."). Indeed, when granting the States' Motion to Intervene, Judge Pitts vacated his order of referral to the magistrate judge previously assigned to resolve discovery disputes in the *HPE* litigation. *See* (ECF No. 15-3 at 13) ("To the extent any disputes regarding the propriety or scope of discovery arise, those disputes shall be resolved by this Court, rather than by the assigned magistrate judge[.]"). The *HPE* Court is best situated to rule on any future objections on grounds of relevance or privilege arising from Mr. Mizelle's deposition; transfer to the Northern District of California will further mitigate the risk of inconsistent rulings in these proceedings.[2] This would not be the first finding in the Tunney Act Proceedings finding transfer is warranted: Petitioner advances a recent order regarding the States' efforts to depose Mr. Rinner, issued by the United States District Court for the Eastern

---

[2] At the hearing, Government counsel recognized the propriety of transfer of any future disputes arising from the Subpoena but nonetheless requested that this Court retain jurisdiction to address or enforce the protective order, that is, the limitation on Petitioner's time to depose Respondent. Any request by Petitioner to extend the duration of Respondent's deposition is likely to implicate precisely those issues properly resolved by the *HPE* Court, for which reason the Government's request is denied.

District of New York; that order found that exceptional circumstances existed and that transfer to the district court would promote judicial economy while avoiding the risk of inconsistent rulings. *See* (ECF No. 16-1 at 5).

### D.    Petitioner's Request for Attorney's Fees is Denied.

Petitioner's request for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5) was **DENIED**. Petitioner's Motion is not, in substance, a motion to compel; it is properly construed as a motion to overrule Respondent's objections to compliance with the Subpoena. Respondent's objections and the arguments advanced in support thereof were not substantially unjustified so as to support the shifting of fees here.

## III.    CONCLUSION

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that Petitioner's Emergency Motion, (ECF No. 1), is **GRANTED, in part**, and **DENIED, in part**. Respondent's motion to quash the deposition subpoena issued to Respondent Chad R. Mizelle is **DENIED**. Respondent's motion for a protective order is **GRANTED, in part**, and **DENIED, in part**.

As the Parties agreed, Mr. Mizelle shall comply with the Subpoena by no later than March 11, 2026. Petitioner shall be allotted 2.5 hours to depose Mr. Mizelle on the record consistent with this Order and the applicable rulings of the *HPE* Court.

The Clerk of Court is **DIRECTED** to transfer this case to the United States District Court for the Northern District of California. All further disputes related to the Subpoena are hereby transferred to the issuing court.

**DONE** and **ORDERED** in open court in Miami, Florida, this 27th day of February, 2026.

_____

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE